UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-2202**

_____

LEE PELE,

              Plaintiff - Appellant,

      v.

PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, d/b/a
American Education Services,

              Defendant – Appellee.

-----------------------------

JON H. OBERG,

              Amicus Supporting Appellant.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  James C. Cacheris, Senior
District Judge.  (1:13-cv-01531-JCC-TRJ)

_____

Argued:  May 12, 2015          Decided:  October 21, 2015

_____

Before TRAXLER, Chief Judge, and GREGORY and KEENAN, Circuit
Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**ARGUED**: Scott Matthew Michelman, PUBLIC CITIZEN LITIGATION
GROUP, Washington, D.C., for Appellant.  Paul D. Clement,
BANCROFT PLLC, Washington, D.C., for Appellee.  **ON BRIEF**: A.
Hugo Blankingship, III, Thomas B. Christiano, BLANKINGSHIP &

CHRISTIANO, P.C., Reston, Virginia; Allison M. Zieve, PUBLIC CITIZEN LITIGATION GROUP, Washington, D.C., for Appellant. Jill M. deGraffenreid, McLean, Virginia, Joseph P. Esposito, William E. Potts, Jr., HUNTON & WILLIAMS LLP, Washington, D.C.; George W. Hicks, Jr., Raymond P. Tolentino, BANCROFT PLLC, Washington, D.C., for Appellee. Bert W. Rein, Michael L. Sturm, Christopher M. Mills, Brendan J. Morrissey, Stephen J. Obermeier, WILEY REIN LLP, Washington, D.C., for Amicus Curiae.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Plaintiff Lee Pele filed suit against the Pennsylvania Higher Education Assistance Agency ("PHEAA") under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. Concluding that PHEAA was an arm of the Commonwealth of Pennsylvania entitled to share in the Commonwealth's Eleventh-Amendment immunity from suit, the district court granted PHEAA's motion for summary judgment and dismissed the action. We vacate the district court's judgment and remand.

I.

Absent consent by the state or valid Congressional abrogation, the Eleventh Amendment bars an action in federal court seeking money damages against a state. See, e.g., Bland v. Roberts, 730 F.3d 368, 389-90 (4th Cir. 2013); Lee-Thomas v. Prince George's Cty. Pub. Sch., 666 F.3d 244, 248 (4th Cir. 2012). "This immunity also protects state agents and state instrumentalities, meaning that it protects arms of the State and State officials." Bland, 730 F.3d at 389-90 (citations and internal quotation marks omitted)).

PHEAA was created by the Commonwealth in 1963 as a "body corporate and politic constituting a public corporation and government instrumentality," 24 Pa. Stat. § 5101, for the purpose of "improv[ing] access to higher education by originating, financing, and guaranteeing student loans," United

3

States ex rel. Oberg v. Pa. Higher Educ. Assistance Agency ("Oberg II"), 745 F.3d 131, 135 (4th Cir. 2014).  After discovery focusing on the nature of PHEAA's relationship to the Commonwealth, PHEAA moved for summary judgment, arguing that it is an "arm" of the Commonwealth and therefore protected from Pele's lawsuit by the Eleventh Amendment.

Considering the evidence developed through discovery in light of the factors this court has identified as relevant to the arm-of-state question, see, e.g., Md. Stadium Auth. v. Ellerbe Becket Inc., 407 F.3d 255, 261 (4th Cir. 2005), the district court concluded that PHEAA had carried its burden of proving that it is an arm of the Commonwealth, see Hutto v. S.C. Ret. Sys., 773 F.3d 536, 543 (4th Cir. 2014) (holding that in the Eleventh-Amendment context, whether a state-created entity is an arm of its creating state is an affirmative defense that must be proven by the entity asserting immunity).

Pele appeals.  Pele argues that the evidence and relevant state statutes do not support the district court's conclusion but instead establish that PHEAA is not an arm of the Commonwealth.

## II.

Whether a state-created entity is an arm of its creating state and therefore entitled to assert the state's sovereign

4

immunity is a question of law reviewed de novo. Hutto, 773 F.3d at 542.

In an opinion also filed today, we addressed PHEAA's status as an arm of the Commonwealth in connection with claims asserted against PHEAA under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-33. See United States ex rel. Oberg v. Pa. Higher Educ. Assistance Agency ("Oberg III"), No. 15-1093 (4th Cir. filed Oct. 21, 2015). In Oberg III, we concluded that PHEAA is not an arm of the Commonwealth because: PHEAA is financially independent from the Commonwealth and supports itself with revenues generated through PHEAA's commercial financial-services activities; PHEAA is statutorily vested with and in fact exercises control over its commercially generated revenues, notwithstanding the deposit of these revenues in the Pennsylvania Treasury; and PHEAA, through its board of directors, sets policy and makes the substantive fiscal and operational decisions for the corporation.

Although there are some procedural differences between this case and Oberg, the arm-of-state question in Oberg was governed by the same factors applicable here and was otherwise materially identical to the arm-of-state question presented in this case.[*]

---

[*] The FCA imposes civil liability on "any person" who makes or presents a false claim for payment to the federal government, 31 U.S.C. § 3729(a)(1), a term that does not include states or
(Continued)

5

Because the district court's analysis is inconsistent with our decision in <u>Oberg III</u>, we hereby vacate the district court's order and remand for further proceedings on the merits of Pele's claims against PHEAA.

<u>VACATED AND REMANDED</u>

---

state agencies, <u>see</u> <u>Vt. Agency of Nat. Res. v. United States ex rel. Stevens</u>, 529 U.S. 765, 787-88 (2000). In <u>Oberg II</u>, we held that because "personhood" is an element of an FCA plaintiff's case, the FCA plaintiff bears the burden of proving that a state-created entity is not an arm of the state. <u>See</u> <u>Oberg II</u>, 745 F.3d at 136.